IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALL MEDICAL PERSONNEL, INC.               *

v.               *         Civil Action No. CCB-18-1527

AMERITOX, LLC, *et al.*               *

***

## MEMORANDUM

All Medical seeks to recover for uncompensated personnel and staffing services it provided to Ameritox. The parties have had a prolonged relationship that dates to 2005, but this case concerns only the brief period in time following the sale of Ameritox assets to Aegis Sciences Corporation in March 2018, and the state of its debts to All Medical incurred during that sale and subsequent transition period. It is chiefly a contract dispute, though one with an addendum in tort. Joined to its claims against Ameritox, All Medical brings a single negligent misrepresentation claim (Count IV) against Paul Parker, Ameritox's then-Chief Financial Officer. The scope of this opinion is narrow. At issue here is only Mr. Parker's motion to dismiss the negligent misrepresentation claim brought against him individually. Because All Medical has failed to state a plausible claim that Mr. Parker negligently asserted a false statement, the defendant's motion to dismiss will be granted.

## BACKGROUND

The facts relevant to the negligent misrepresentation dispute are as follows. All Medical is in the business of providing temporary personnel, staffing services, and administrative services to healthcare companies like Ameritox. (Compl. at ¶ 8, ECF No. 1.) Ameritox was a company

1

that provided drug monitoring and other clinical support services. (Compl. at ¶ 9, ECF No. 1.) All Medical and Ameritox entered into a contract in 2005 whereby All Medical would manage and provide temporary specimen collectors to Ameritox. (Compl. at ¶ 10, ECF No. 1, Ex. A.) This contract was renewed annually until 2013. (Compl. at ¶ 10, ECF No. 1.) A different agreement was then arranged which maintained All Medical's provision of personnel for specimen processing but added certain administrative support services to the contract. (Compl. at ¶ 11, ECF No. 1, Ex. B.)

On March 5, 2018, Ameritox announced that it had sold "substantially all" of its assets to Aegis Sciences Corporation. (Compl. at ¶ 17, ECF No. 1, Ex. B.) All Medical claims that in the wake of this announcement, Mr. Parker made statements or "assurances" on two separate telephone calls that amount, it contends, to negligent misrepresentations. (Compl. at ¶¶ 17-19, ECF No. 1.) The first, which took place on the day of Ameritox's announcement, was a representation made on a conference call involving numerous Ameritox leadership personnel and All Medical; Mr. Parker is alleged to have affirmed several times that "All Medical would be paid in full" for services rendered during the transition period. (Compl. at ¶ 17, ECF No. 1.) On the second, which occurred three days later, Mr. Parker is alleged to have again assured All Medical, this time its Vice President of Finance, that Ameritox would pay All Medical in full for its services during the transition period. (Compl. at ¶ 19, ECF No. 1.) All Medical maintains that it continued to provide services to Ameritox on the basis of these representations but that, on May 18, 2018, Mr. Parker notified All Medical that Ameritox would not be paying for the services rendered during the transition period, after all. (Compl. at ¶ 22, ECF No. 1.)

## ANALYSIS

### I. Standard of Review.

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). The court must "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). And the plaintiff typically must do so by relying solely on facts asserted within the four corners of his complaint. *Zak v. Chelsea Therapeutics Intern., Ltd.*, 780 F.3d 597, 606-07 (4th Cir. 2015). Legal conclusions couched as factual allegations are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### II. Discussion

Before the court here is the single claim brought against Mr. Parker individually—an allegation of negligent misrepresentation. This is a diversity action and both sides agree that Maryland law applies.[1] (*See* ECF No. 14-1 at p. 4; ECF No. 18 at p. 2.) To establish a prima facie case of negligent misrepresentation under Maryland law, a plaintiff must prove:

(1) the defendant, owing a duty of care to the plaintiff, negligently asserted a

---

[1] Under Maryland law a court may accept the parties' assumption that Maryland law applies. *See Cain v. Midland Funding, LLC*, 156 A.3d 807, 813 n.9 (Md. 2017).

3

> false statement; (2) the defendant intended that the statement will be acted upon by the plaintiff; (3) the defendant has knowledge that the plaintiff will probably rely on the statement which, if erroneous, will cause loss or injury; (4) the plaintiff, justifiably, took action in reliance on the statement, and (5) the plaintiff suffered damage proximately caused by the defendant's negligence.

*Swinson v. Lords Landing Village Condo.*, 758 A.2d 1008, 1016 (Md. 2000); *see also Walpert, Smullian & Blumenthal, P.A. v. Katz*, 762 A.2d 582, 588 (Md. 2000). Mr. Parker argues that the claim against him should be dismissed because (1) he did not owe All Medical a duty of care and (2) that as mere promises to pay, the alleged assurances are not actionable as negligent misrepresentations.

Irrespective of any duty of care Mr. Parker may (or may not) have had to All Medical on his own or by way of his status with Ameritox, negligent misrepresentation is the wrong claim for these facts. It is axiomatic that a claim for negligent misrepresentation requires a false statement of material fact. *See Swinson*, 758 A.2d at 1016; *see also Gross v. Sussex Inc.*, 630 A.2d 1156, 1162 (Md. 1993). And yet it is also well established under Maryland law that, as a general rule, "a breach of a promise to render a performance in the future is redressable only by an action in contract." *Learning Works, Inc. v. Learning Annex, Inc.*, 830 F.2d 541, 546 (4th Cir. 1987). While a "promissory representation made with an existing intention not to perform is actionable for fraud," *id.; see also Sass v. Andrew*, 832 A.2d 247, 264 (Md. Ct. Spec. App. 2003), such a representation is not actionable for negligent misrepresentation." *200 N. Gilmor, LLC v. Capital One, Nat. Ass'n*, 863 F. Supp. 2d 480, 492-93 (D. Md. 2012).

This is because a "negligent misrepresentation claim based on statements promissory or predictive in nature" is not actionable in Maryland, "[u]nless the plaintiff puts forward evidence tending to show that the 'promisor' or 'predictor' made the statements with the present intention not to perform . . . " *Miller v. Fairchild Indus., Inc.*, 629 A.2d 1293, 1304 (Md. Ct. Spec. App. 1993). That said, "any promise that is made with the present intention not to perform or any prediction that is made with present knowledge that the predicted event will not occur is, perforce, an intentional misrepresentation, not a negligent one, and thus cannot sustain an action for negligent misrepresentation." *Id.*; *200 N. Gilmor, LLC*, 863 F. Supp. 2d at 493. As Judge Hollander explained:

> Put another way, [i]n order for a negligent misrepresentation claim based upon a promise of future conduct to be actionable, the party making the representation regarding its future conduct must know, at the time it makes the representation, that it does not intend to carry out the promise. *Heritage Oldsmobile*, 264 F.Supp.2d at 291. But, if the party knows the representation to be false at the time it is made, then the claim is one for *fraudulent* misrepresentation and the negligent misrepresentation claim [is converted] into a claim for fraudulent misrepresentation. *Id.* (emphasis in original); *see also Orteck*, 2006 WL 2572474 at *20 ("To the extent that a party making the representation about its future conduct knows at the time the statement is made that it is false, the [negligent misrepresentation] claim converts to one of *fraudulent* misrepresentation.") (emphasis in original); *D & G Flooring, supra*, 346 F.Supp.2d at 822 (stating, with respect to plaintiff's claim that defendant made promises without present intent to perform: "These are representations regarding [defendant's] future conduct, i.e., promises; promises are not actionable under a theory of negligent misrepresentation.").

*200 N. Gilmor, LLC*, 863 F. Supp. 2d at 493.

Courts applying Maryland law uniformly reject negligent misrepresentation claims brought for broken promises of a future payment. *See, e.g., Jones v. Koons Auto., Inc.*, 752 F. Supp. 2d 670, 687 (D. Md. 2010) (negligent mispresentation claim based on promise to pay off lien on 2006 Ford Taurus (with no evidence defendant did not intend to pay at time of assurance)

5

dismissed), *Heritage Oldsmobile-Imports v. Volkswagen of Am., Inc.*, 264 F. Supp. 2d 282, 291 (D. Md. 2003) (explaining that "a representation regarding future conduct of the party making the representation, essentially a promise, is not actionable under a theory of negligent misrepresentation"), *Knight v. Manufacturers & Traders Tr. Co.*, 84 F. Supp. 3d 436, 445 (D. Md. 2015) ("[w]ith a mere promise to pay, Plaintiffs have failed to state a claim for negligent misrepresentation").

All Medical cites a narrow line of Maryland cases in which negligent misrepresentation claims survived against experts or sophisticated parties who gave erroneous predictive cost estimates, mainly to consumers. In *Cooper v. Berkshire Life Ins. Co.*, insurance policy-holders were able to sustain a negligent mispresentation cause of action for erroneous estimates of future premium payments. 810 A.2d 1045, 1064 (Md. 2002). *Ward Dev. Co. v. Ingrao* involved bad estimates of sewer and water charges by a developer and real estate agent to a home buyer. 493 A.2d 421, 427 (Md. Ct. Spec. App. 1985). *Brock Bridge Ltd. P'ship, Inc. v. Dev. Facilitators, Inc.*, involved technical cost estimates made by a professional engineer. 631 A.2d 622, 631-32 (Md. Ct. Spec. App. 1997). But these cases are easily distinguishable from the claim brought here. None of them involved mere promises to pay. *Knight*, 84 F. Supp. 3d at 445. Furthermore, these are cases where, by way of special knowledge, expertise, or skill, the defendants had reason to know their statements were false.

Critically, there is no allegation—nor even an intimation—in this case that Mr. Parker had reason to know his assurances to All Medical, made in the immediate wake of the sale to Aegis, were anything less than accurate. There is no contention that Mr. Parker knew that All Medical would not be paid for the services it rendered during the transition, no facts alleged demonstrating that he had reason to know All Medical would not be paid—indeed, the complaint

does not even make the factual assertion that his statements were false when they were made. This, instead, was a promise to pay debts incurred under a contract between sophisticated parties. The cases cited by the plaintiff involving future assurances to consumers about technical and specialized matters do nothing to erode the broadly applicable rule under Maryland law that broken promises to pay are not cognizable as negligent misrepresentation claims.

## CONCLUSION

For the reasons stated above, the defendant's motion to dismiss the plaintiff's negligent misrepresentation claim against Mr. Parker in his individual capacity will be granted.

A separate order follows.

11/6/18
Date

CCB
Catherine C. Blake
United States District Judge